**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

NE BRANDS LLC, *a New York limited liability company*,

                        Plaintiff,

      -against-

SEATTLE PACIFIC INDUSTRIES, INC., *a Washington corporation*; STEPHEN RITCHEY, *an individual*,

                      Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 7420 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 27 2020

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this action against Seattle Pacific Industries, Inc. ("SPI") and Stephen Ritchey, SPI's founder and Chief Executive Officer (collectively, "Defendants"), claiming intentional interference with business relations and, in the alternative, prima facie tort under New York state law. Specifically, Plaintiff claims that Defendants took "efforts to sabotage Plaintiff's business after discovering that Plaintiff sold apparel which competed with apparel sold by SPI." (Compl., ECF No. 1 ¶ 2.) Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Notice of Mot. to Dismiss the Compl., ECF No. 17.) Defendants' motion to dismiss is DENIED with regard to the tortious interference claim and GRANTED with regard to the prima facie tort claim.

### I.    FACTUAL BACKGROUND

Plaintiff, the manufacturer of "XRAY" brand apparel, and SPI, the manufacturer of "Union Bay" and "UB" brand footwear and apparel, shared a common retail customer, Shopko Stores ("Shopko"). (Compl. ¶¶ 12, 13, 15, 22.) Shopko sold both companies' footwear and apparel simultaneously. (*Id.* ¶¶ 13, 22.) Shopko had begun purchasing XRAY brand apparel in as early as

2015. (*Id.* ¶ 13.) In 2016, Defendant Ritchey visited a showroom, which displayed XRAY, Union Bay, and UB footwear and apparel. (*Id.* ¶¶ 17–19.) At a point in time "[s]ometime after" this visit, Shopko ceased its purchasing of XRAY brand apparel from Plaintiff, despite the alleged growth in sales of XRAY apparel. (*Id.* ¶ 21.) Plaintiff subsequently spoke with a Shopko buyer to inquire as to why their relationship ended. (*Id.* ¶ 23.) The buyer explained that a representative from SPI—who Plaintiff believes to be Defendant Ritchey—told Shopko that (1) the XRAY apparel was similar in look and feel to that of Union Bay and UB apparel; (2) SPI believed that Shopko's continuing to sell XRAY apparel "represented a threat" to Shopko's potential sale of Union Bay and UB apparel; and (3) SPI would discontinue its relationship with Shopko, should Shopko continue to sell XRAY apparel. (*Id.* ¶ 24.) Plaintiff alleges that had Defendants "not willfully and intentionally interfered in Plaintiff's business relationship with Shopko, Shopko would have continued to purchase and sell Plaintiff's XRAY branded apparel and the sales of that apparel would have continued to grow." (*Id.* ¶ 26.)

## II.   LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual

allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[1]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### III. DEFENDANTS' MOTION TO DISMISS THE PRIMA FACIE TORT CLAIM IS GRANTED

#### 1. Defendants' Motion to Dismiss Plaintiff's Claim for Tortious Interference is Denied.

To sufficiently bring a claim of tortious interference of a business relationship, a plaintiff must allege that: (1) the plaintiff engaged in a business relationship with a third party; (2) the defendant interfered with that business relationship; (3) the defendant "used dishonest, unfair, or improper means" or acted *solely* with the purpose of injuring the plaintiff; and (4) the defendant's acts negatively impacted the plaintiff's relationship with the third party. *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012).

---

[1] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

3

Defendants argue that Plaintiff has failed to allege that Defendants acted solely to harm Plaintiff, and more specifically, that Defendants were not acting—at least in part—for their own personal economic benefit. (*See* Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss ("Mem. in Supp."), ECF No. 18, at 4–6.) At this stage, however, Plaintiff is not required to disprove the theory that Defendants may have acted for other reasons—a question which is typically a factual dispute for a jury to decide. Indeed, the allegation in the complaint that "SPI . . . believed that Shopko's sale of Plaintiff's XRAY branded apparel represented a threat to Shopko's sale of SPI's UNION BAY and UB branded apparel," (*see* Compl. ¶ 24), is not necessarily inconsistent with a possible jury finding that Defendants' sole purpose was to harm Plaintiffs' business, (*see* Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Mem. in Opp'n"), ECF No. 21 at 3.) Defendants' motion to dismiss this claim is therefore denied.

### 2. Defendants' Motion to Dismiss Plaintiff's Claim for Prima Facie Tort is Granted.

To survive a motion to dismiss on a claim of prima facie tort, a plaintiff must allege: (1) the defendant's intentional infliction of harm; (2) special damages resulting from the defendant's actions; (3) a lack of "excuse or justification"; and (4) that the defendant's act or acts would otherwise be lawful. *U.S. for Use and Benefit of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 161 (2d Cir. 1996). Defendants argue that Plaintiff has not sufficiently alleged special damages resulting from Defendant's actions. (*See* Mem. in Supp. at 8.) "Special damages" refers to an injury made up of a "specific and measurable loss." *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985). To sufficiently allege special damages, a plaintiff must do more than simply allege a "round number" that is "speculative and conclusory," as special damages must be stated in detail. *Bilinski v. Keith Haring Found., Inc.*, 632 F. App'x 637, 643 (2d Cir. 2015).

Plaintiff simply alleges a round dollar amount with no particularity or itemization. Indeed, Plaintiff simply alleges that it is entitled to "at least one-million dollars ($1,000,000), it has suffered

4

as a consequence of Defendants' prima facie tort." (Compl. at 7.) Moreover, Plaintiff does not defend this point in its opposition brief, but simply states that it plans to file a proposed amended complaint with more specificity as to the amount in damages it suffered. (Mem. in Opp'n at 7.) Defendants' motion to dismiss this claim is therefore granted.

## IV. LEAVE TO AMEND

Plaintiff indicates in his brief that should his claims be denied, he intends to move for leave to file an amended complaint. (*See* Mem. in Opp'n at 7.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Plaintiff may submit a proposed amended complaint to the extent that amendment would not be futile.

## V. CONCLUSION

Defendants' motion to dismiss the tortious interference claim, (ECF No. 17), is DENIED. Defendants' motion to dismiss the prima facie tort claim, (ECF No. 17), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
July 27, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge